```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


CURTIS LEON THOMAS, JR.,        §
TDCJ-CID #660149,               §
                                §
            Petitioner,         §
                                §
v.                              §    CIVIL ACTION NO. H-06-2493
                                §
NATHANIEL QUARTERMAN,           §
                                §
            Respondent.         §
```

**MEMORANDUM OPINION AND ORDER**

Curtis Leon Thomas, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), brings this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This action will be dismissed because it is a successive and untimely petition. 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d).

Thomas is serving a forty-year sentence for unauthorized use of a motor vehicle. State v. Thomas, No. 631825 (Harris County, Tex., Feb. 24, 1993). His conviction was affirmed by the Court of Appeals for the Fourteenth District of Texas. Thomas v. State, No. 14-93-00198-CR (Tex. App. - Houston [14th Dist.] Oct. 7, 1993). Although Thomas filed a motion for extension of time to file a petition for discretionary review (PDR), the motion was refused by the Texas Court of Criminal Appeals on August 27, 1994, and no PDR was submitted to the Court of Criminal Appeals. See also Thomas v.

State, No. 1351-04 at Internet Website for Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions.  Thomas also filed two state applications for a writ of habeas corpus, both of which were rejected.  Ex parte Thomas, No. 31,113-01 (denied without written order, Dec. 11, 1996); Ex parte Thomas, No. 31,113-04 (dismissed per 11.07 § 4, Oct. 31, 1995).[1]

On December 15, 1997, Thomas filed a federal petition for a writ of habeas corpus challenging the unauthorized-use-of-a-motor-vehicle conviction.  The petition was dismissed as untimely under the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Thomas v. Johnson, No. H-97-4180 (S.D. Tex. May 11, 1998).  Thomas's subsequent request for a Certificate of Appealability was denied.  Id.

Thomas recently filed a motion for an order authorizing a successive habeas corpus petition, which was denied by the United States Court of Appeals for the Fifth Circuit.  See In re Thomas, No. 06-20177 (5th Cir. May 3, 2006).  Thomas then filed a motion in district court seeking an order for the "'Fifth Circuit Court of Appeals to transmit and forward a certification authorizing the district court to consider [a successive] petition.'"  No. H-97-4180, Docket Entry No. 41.  The district court denied the motion.  Id.  In the present action Thomas once

---

[1] Apparently, No. 31,113-04 had been filed after No. 31,113-01 and before the Court of Criminal Appeals had dismissed that action.

again seeks another opportunity to challenge his conviction for unauthorized use of a motorized vehicle.

As noted above, the United States District Court for the Southern District of Texas has previously dismissed Thomas's habeas challenge to his conviction for unauthorized use of a motor vehicle because it was filed more than a year after the judgment became final.  Accordingly, it is apparent that this subsequent habeas petition is also time-barred under 28 U.S.C. § 2244(d).

Regardless of the timeliness of the current petition, it is not the first such challenge presented in federal court.  Advance permission from the Court of Appeals is a prerequisite to filing a successive habeas petition.  28 U.S.C. § 2244(b); Crone v. Cockrell, 324 F.3d 833 (5th Cir. 2003).  The primary purpose of this requirement is to eliminate repetitious judicial consideration of convictions and sentences.  See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000), citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

There is no showing that the United States Court of Appeals for the Fifth Circuit has authorized Thomas to file a second habeas petition.  To the contrary, the Court of Appeals has specifically denied such authorization.  See No. 06-20177.  A district court cannot rule on the merits of a successive petition that has been filed without approval.  Crone, 324 F.3d at 838; Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir. 1998).  Accordingly, the court will dismiss this action.

A Certificate of Appealability shall be denied because Thomas has not made a substantial showing of the denial of a constitutional right.

### Conclusion and Order

The court **ORDERS** the following:

1. Thomas's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the petition and this Memorandum Opinion and Order to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 10th day of August, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE